IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH WOODSON, on Behalf of Himself and All Others Similarly Situated, | Class & Collective Action |
| vs. | CAUSE NO. 1:19-cv-49 |
| GOD'S MOVING, INC. and TODD HUFFORD, | |
| Defendants. | |

## **COMPLAINT FOR DAMAGES**

This is a proposed collective action brought on behalf of all former and current truck drivers of Defendants ("the Class" and "the Collective Class") against Defendants, God's Moving, Inc. d/b/a Jay's Moving ("Jay's") and Todd Hufford.

### I. Parties

1. Each member of the Class and Collective Class is or was a mover of Jay's at all times relevant to this action.

2. Plaintiff is a resident of Indianapolis, Indiana.

3. Defendant, Jay's, is an incorporated business that operates a facility in Indianapolis, Indiana.

5. Mr.Hofford is one of the managers of Jay's.

6. Mr. Hofford is at least partially responsible for determining how the employees of Jay's are paid.

## II.  Jurisdiction and Venue

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Class bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

8. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

9. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendants doing business in this District.

## III.    Class Action Allegations

10. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as movers of Jay's ("the Collective Class").

11. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as movers of Jay's ("the Mover Class").

12. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as movers of Jay's who had monies deducted from their wages for property damage ("the Damages Class").

13. The members of the Damages and Mover Classes and Collective Class were paid on an hourly basis.

14. The members of the Damages and Mover Classes and Collective Class were paid on a weekly basis.

15. Defendant failed to pay the members of the Mover Class and Collective Class all of the hours that they worked which included minimum, regular and overtime hours.

16. Defendant deducted monies out of the wages of the members of the Damages Class.

17. While the members of the Collective Class were paid overtime hours for work beyond 40 hours in a workweek, the members of the Collective Class were not paid at least minimum and overtime wages for all hours that they worked each workweek. Rather, Defendants would deduct time from their hours that the Collective Class members worked each week.

18. Defendants willfully failed to pay members of the Collective Class at least minimum wages for each hour worked and certain overtime hours.

19. The members of the Movers Class were not paid for all hours worked each workweek. Rather, Defendants would deduct time from their hours that the Movers Class worked each week.

20. Plaintiffs knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action. The names, contact information, and relevant documentation of members of the classes should be in the business records of Jay's. Notice may be provided to members of the classes or their personal representatives via first class mail and e-mail addresses using techniques and a form of notice similar to those customarily used in class actions.

## IV. Factual Allegations

21. Plaintiff began employment with Jays in September 2015.

22. Plaintiff has worked and continues to work for Jay's as a mover.

23. Plaintiff is paid on an hourly basis.

24. Plaintiff is currently paid $14.00 per hour.

25. Plaintiff is paid weekly.

26. Plaintiff is paid overtime hours.

27. Plaintiff was/is not paid at least minimum wages for all hours that he works/worked for Defendants.

28. Plaintiff was/is not paid his agreed upon hourly wages for all hours that he works/worked for Defendants.

29. Plaintiff was/is not paid at least overtime wages for all hours works/worked over 40 hours in a workweek.

30. Defendants willfully failed to pay Plaintiff certain minimum and overtime wages.

### Count I - Collective Action
### Failure to Properly Pay Minimum & Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

31. Plaintiff incorporates paragraphs 1 through 30 by reference herein.

32. Plaintiffs and the members of the Collective Class are or were employees of Jay's pursuant to the FLSA.

33. Jay's is an employer pursuant to the FLSA.

34. Plaintiffs and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

35. Jay's had gross revenues of at least $500,000.00 for the 2014 calendar year.

36. Jay's had gross revenues of at least $500,000.00 for the 2015 calendar year.

37. Jay's had gross revenues of at least $500,000.00 for the 2016 calendar year.

38. Jay's had gross revenues of at least $500,000.00 for the 2017 calendar year.

39. Jay's had gross revenues of at least $500,000.00 for the 2018 calendar year.

40. Mr. Hofford is an employer pursuant to the FLSA.

41. Plaintiffs and the members of the Collective Class have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiffs and the members of the Collective Class for the minimum and overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs and the members of the Collective Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II - Class Actions
## Failure to Properly Pay Wages
## Pursuant to the Wage Payment Statute, I.C. §22-5-1 *et. seq.*

42. Plaintiff incorporates paragraphs 1 through 41 by reference herein.

43. Plaintiff and the members of the Movers Class were/are not paid all of their regular hours worked.

44. Plaintiff and the members of the Damages Class had/have property damages deducted from their wages.

45. Plaintiff and the members of the Movers and Damages Classes were/are not paid all their wages due and owing in a timely fashion or in the correct amount.

46. Plaintiff and the members of the Movers and Damages Classes have been damaged by Jay's violations of the Wage Payment Statute.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs for the actual wages owed with interest as permitted by the Wage Payment Statute.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

      D.     Enter an award for such other relief as may be just and appropriate.

    Respectfully submitted,

    WELDY LAW

    /s/Ronald E. Weldy
    Ronald E. Weldy, #22571-49
    Proposed Classes & Collective Action Counsel


Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: weldy@weldylegal.com