UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH WOODSON, *on behalf of himself and all others similarly situated*, | ) ) ) | |
| *Plaintiff*, | ) ) | 1:19-cv-00049-JMS-MJD |
| *vs.* | ) ) | |
| GOD'S MOVING, INC., and TODD HUFFORD, | ) ) ) | |
| *Defendants*. | ) ) | |

## ORDER

The Court held a Fairness Hearing in this matter and a hearing on the parties' Joint Motion for Final Approval of Settlement, [Filing No. 72], and Plaintiff's Unopposed Motion for Statutory Attorney Fees, Class Administrative Costs and Expenses, [Filing No. 58], on January 30, 2020. Plaintiff Kenneth Woodson and the Plaintiff classes were present by counsel Ronald E. Weldy. Defendants God's Moving, Inc. d/b/a Jay's Moving ("the Company") and Todd Hudfford were present by counsel Tareen Zafrullah. The Court Reporter was Jean Knepley.

The settlement in this matter encompassed claims brought by a collective action class under the Fair Labor Standards Act ("FLSA"), and by a Fed. R. Civ. P. 23 class under the Indiana wage Payment Act ("IWPA"). The parties have filed a Joint Motion for Final Approval of Settlement, [Filing No. 72], and an Amended Joint Motion for Final Approval of Settlement, [Filing No. 73]. The parties presented argument regarding final approval of the settlement, consistent with the arguments in their Joint Motion. For the reasons set forth below, the Court **GRANTS** Plaintiff's Unopposed Motion for Statutory Attorney Fees, Class Administrative Costs and Expenses, [Filing No. 58], and **GRANTS** the parties' Joint Motion for Final Approval of Settlement, [Filing No.

72].  The Amended Joint Motion for Final Approval of Settlement, [Filing No. 73], is **DENIED AS UNNECESSARY**, as the information updated therein was also provided to the Court at the hearing.

To maintain a class action, the proponent must satisfy the requirements of Fed. R. Civ. P. 23.  In evaluating whether a class should be certified, the Court may not merely accept as true the allegations of the complaint, but instead must "make whatever factual and legal inquiries are necessary" to resolve contested issues.  *Szabo v. Bridgeport Machs., Inc*., 249 F.3d 672, 676 (7th Cir. 2001).  The named plaintiff must first demonstrate that the putative class satisfies all four prerequisites set forth in Rule 23(a), which provides that class certification is appropriate if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also* *Oshana v. Coca-Cola Co*., 472 F.3d 506, 513 (7th Cir. 2006).

The named plaintiff must also demonstrate that the lawsuit satisfies the requirements of one of the three types of class actions listed in Rule 23(b).  Here, Mr. Woodson asserts that this case satisfies Rule 23(b)(3), which provides that class certification is appropriate if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Therefore, Rule 23(b)(3) imposes two additional requirements for class certification: (1) class-wide factual or legal issues must predominate over individual issues, and (2) the class action mechanism must provide a superior method for adjudication.

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court finds the settlement to be "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2). The Seventh Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

The FLSA allows employees to bring their claims through a "collective action" on behalf of themselves and other "similarly situated" employees. *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)). "A collective action is similar to, but distinct from, the typical class action brought pursuant to [Rule] 23." *Alvarez*, 605 F.3d at 448. Although class and collective actions are not the same, certification in both types of actions involves examination of essentially the same factors. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) ("[T]here isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences.").

FLSA collective action settlement agreements must be approved by the Court. 29 U.S.C. § 216(b)-(c); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). "Normally, a settlement is approved where it is the result of 'contentious arm's length negotiations, which are undertaken in good faith by counsel…and serious questions of law and fact exist such

that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010). The Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* The following factors should be considered:

> (1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.*

After reviewing the Confidential Settlement Agreement, [Filing No. 57-1], and considering the information presented by counsel in their Joint Motion and at the hearing, the Court finds that certification of the FLSA claims as a collective action and certification of the IWPA claims as a class action for purposes of settlement is appropriate. The Court also finds that the settlement in this matter was reached in good faith and at arm's length and is a reasonable compromise of the vigorously disputed issues in this case. Along with findings made on the record, the Court notes the following:

- The class is sufficiently numerous, at 122 members, to justify certification;

- The individual potential claimants were all employed by the Company during a specified time period and were all subject to the challenged payment practices giving rise to the same legal claims, and, therefore, common questions of law and fact predominate, the claimants are similarly situated, and certification is a superior method for fairly and efficiently adjudicating this controversy;

- The named Plaintiff and class counsel adequately represented the interests of the remainder of the proposed class;

4

- Plaintiffs' counsel was diligent, and used all reasonable efforts, in attempting to locate class members;

- The response rate to the notices that were sent to the FLSA collective action members and the Rule 23 class members indicates that the method of notice was effective, as 39 members opted in, representing just under a third of the members, and the total of their recovery represented 83% of the total potential recovery in the collective action;

- No individuals filed objections to the settlement;

- The total settlement amount paid was the result of extensive negotiations between the parties, and each fully participating class member had the potential to receive full amount of alleged unpaid wages plus 85% of the amount of alleged liquidated damages;

- The fees and costs Plaintiffs' counsel will receive under the Settlement Agreement are consistent with the contract between Plaintiffs' counsel and his clients; are fair and reasonable, based on the amount of work counsel undertook in this litigation, a reasonable hourly rate,[1] and the amount of fees and costs actually incurred; and payment is separate from the settlement fund for the class members;

- The parties have negotiated the amount of attorneys' fees, so an effective marketplace to determine the appropriate amount of fees was present here. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp.2d 806, 814 (E.D. Wis. 2009) ("[a]n appropriate attorneys' fee award is one that 're-creates' the market for the provided legal services") (citing *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000) ("where the district court is asked to award reasonable attorneys' fees or reasonable costs, the measure of what is reasonable is what an attorney would receive from a paying client in a similar case")).

In sum, the Court **GRANTS** the Parties' Joint Motion for Final Approval of Settlement, [72], and gives **FINAL APPROVAL** of the Parties' Settlement Agreement as a fair and reasonable compromise of a bona fide dispute. The Court **DENIES AS UNNECESSARY** the Amended Joint Motion for Final Approval of Settlement, [73]. The Court **GRANTS** Plaintiff's Unopposed Motion for Statutory Attorney Fees, Class Administrative Costs and Expenses, [58]. This matter

---

[1] Without concluding that $400 is an appropriate hourly rate for class counsel in all cases, the Court approves the parties' agreed rate in this case.

is **DISMISSED WITH PREJUDICE** and without fees, costs or disbursements to any party, except as provided in the Settlement Agreement as to Plaintiffs' counsel's fees and costs. Final judgment shall enter accordingly.

Date: 1/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**